ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **ÁNGELA AMELIA MONTALVO MARCHENA; LUIS SANTIAGO PÉREZ y la Sociedad de Bienes Gananciales** <br><br> Apelados <br><br> v. <br><br> **NORMA MIA QUIJANO BELLO, JOSEPH OMAR QUIJANO BELLO, JOSÉ RICHARD QUIJANO COTTO, FULANO DE TAL, MENGANO DE TAL** <br><br> Apelantes | KLAN202400722 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina** <br><br> Civil Núm.: **CA2024CV00560** <br><br> Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 16 de octubre de 2024.

Comparece ante nos Norma Mía Quijano Bello (parte apelante) y nos solicita, mediante el presente recurso de *Apelación*, que revoquemos la *Sentencia*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 13 de mayo de 2024. Mediante la referida *Sentencia*[2] el foro sentenciador declaró con lugar la *Demanda*[3] y ordenó a la parte demandada a liberar el estacionamiento y dejar de interferir con la posesión y control del espacio de estacionamiento a la parte demandante.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

---

[1] Apéndice del Recurso de *Apelación*, págs. 18-23.
[2] *Íd.*
[3] Apéndice del Recurso de *Apelación,* págs. 25-31.

**I**

El 19 de febrero de 2024 la señora Ángela Amelia Montalvo Marchena, el señor Luis Santiago Pérez y la sociedad legal de gananciales compuesta por ambos (en adelante, parte demandante), presentaron una *Demanda* sobre Sentencia Declaratoria y Solicitud de Orden contra la señora Norma Mía Quijano Bello, el señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto, Fulano de tal y Mengano de tal (en conjunto, parte demandada).[4] En apretada síntesis, la parte demandante alegó que son titulares del apartamento 1-B localizado en el primer nivel del Condominio Continental Villa, que fue sometido al Régimen de Propiedad Horizontal. Que adquirieron la propiedad mediante escritura pública número doce (12) el 30 de noviembre de 2018 ante notario público. Como parte de su descripción registral, referente a su estacionamiento establece lo siguiente:

> --Parking Rights: Title to this apartment includes the exclusive right of one parking space which will be assigned hereafter.

Arguyó que la Junta de directores del Condominio Continental Villa en una reunión realizada el 28 de octubre de 1980 le asignó al apartamento 1-B el espacio de estacionamiento número treinta (30). Que, desde la adquisición de la propiedad, la parte demandante le ha requerido y solicitado a la parte demandada que le permita el uso y disfrute de su correspondiente estacionamiento y esta última se ha negado y continúa bloqueando el aparcamiento. Por lo que solicitó al foro primario que ordenara a la parte demandada liberar el estacionamiento número treinta (30) y dejar de interferir en la posesión del espacio de estacionamiento.

Por otro lado, el mismo día de la presentación de la *Demanda,* la parte demandante presentó una *Moción Solicitando*

---

[4] *Íd.*

*Emplazamiento por Edicto.*[5] En el escrito, alegó que la codemandada señora Norma Mía Quijano Bello reside en el Estado de New York y que los codemandados señor Joseph Omar Quijano Bello y señor José Richard Quijano Cotto no pudieron ser localizados después de realizadas las gestiones pertinentes. Por lo que solicitó al Tribunal conforme lo expuesto en la Regla 4.6 de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 4.6, que autorizara el emplazamiento mediante edicto a los demandados, la señora Norma Mía Quijano Bello, el señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto.

Así las cosas, el 21 de febrero de 2024 el Tribunal de Primera Instancia emitió una *Orden de Edicto*, en la cual autorizó el emplazamiento de la señora Norma Mía Quijano Bello, el señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto mediante edicto.[6]

El 1 de abril de 2024 la parte demandante presentó una *Moción Solicitando Anotación en Rebeldía y se Dicte Sentencia por las Alegaciones.*[7] En esencia, la parte demandante alegó que los edictos fueron publicados el 26 de febrero de 2024 en un periódico de circulación general de Puerto Rico y notificó a las partes codemandadas dentro del término de diez (10) días. Al haber transcurrido treinta (30) días sin la comparecencia de ninguno de los demandados solicitó que se anotara la rebeldía de la parte demandada y que declarare con lugar la *Demanda* por las alegaciones.

Por su parte, el 2 de abril de 2024 la parte demandada, sin especificar si se trataba de todos o solo una parte de ellos, presentó una *Moción en Solicitud de Prórroga para hacer Alegación.*[8] En

---

[5] Apéndice del Recurso de *Apelación*, págs. 32-35.
[6] Apéndice del Recurso de *Apelación*, pág. 38.
[7] Apéndice del Recurso de *Apelación*, págs. 39-46.
[8] Apéndice del Recurso de *Apelación*, págs. 48-49.

síntesis, solicitó una prórroga de treinta (30) días para realizar una alegación, la cual fue concedida por el Tribunal el mismo día.[9]

El 3 de mayo de 2024, el Tribunal emitió una *Resolución* en donde anotó en rebeldía a la señora Norma Mía Quijano Bello por no haber contestado la *Demanda* en el término concedido luego de haber dado una prórroga para alegar.[10]

Luego, el 7 de mayo de 2024 la parte demandante presentó una *Moción Reiterando Solicitud de Anotación en Rebeldía en cuanto a Joseph Omar Quijano Bello y José Richard Quijano Cotto y se Dicte Sentencia por las Alegaciones.*[11] En esencia, la parte demandante reafirmó su solicitud de que se anotara en rebeldía a los codemandados señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto y se dictara con lugar la *Demanda* por las alegaciones.

Por lo que el 9 de mayo de 2024, el Tribunal de Primera Instancia emitió una *Resolución* en la cual anotó en rebeldía al señor Joseph Omar Quijano Bello y al señor José Richard Quijano Cotto.[12]

Finalmente, el 13 de mayo de 2024, el foro primario emitió una *Sentencia* en la cual declaró **Ha Lugar** la *Demanda* y ordenó a la parte demandada a liberar el estacionamiento y dejar de interferir con la posesión y control del espacio de estacionamiento a la parte demandante.[13] El foro *a quo* razonó que la parte demandante como titular posee un derecho exclusivo sobre el apartamento 1-B del Condominio Continental Villa como también sobre el espacio del estacionamiento correspondiente a dicho apartamento, en este caso el número treinta (30). Este derecho exclusivo incluye aquellas cualidades típicas de dominio, como lo son el derecho a excluir del uso a otras partes. El 29 de mayo de 2024 la parte demandante

---

[9] Apéndice del Recurso de *Apelación*, pág. 52.
[10] Apéndice del Recurso de *Apelación*, pág. 56.
[11] Apéndice del Recurso de *Apelación*, págs. 54-56.
[12] Apéndice del Recurso de *Apelación*, pág. 60.
[13] Apéndice del Recurso de *Apelación*, págs. 18-23.

presentó una *Moción Acreditando la Publicación de la Sentencia por Edicto al Honorable Tribunal*, en la que expresó haber cumplido con la notificación de la *Sentencia* mediante edicto publicado el 17 de mayo de 2024 en un periódico de circulación general.[14]

En desacuerdo, la demandada señora Norma Mía Quijano Bello presentó una *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda*.[15] En respuesta, la parte demandante presentó una *Moción en Oposición a Solicitud de Reconsideración y Desestimación*.[16] El 28 de junio de 2024 el Tribunal de Primera Instancia emitió una *Resolución* declarando **No Ha Lugar** a la moción de reconsideración y desestimación presentada.[17]

Inconforme, el 29 de julio de 2024, la parte apelante acudió ante nos mediante el presente recurso de *Apelación* y nos señala la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE SENTENCIA Y DESESTIMACIÓN DE DEMANDA, EXISTIENDO FALTA DE PARTES INDISPENSABLES, A SABER, LA SUCESIÓN DE JOE QUIJANO Y LA SUCESIÓN DE NORMA QUIJANO.**
>
> **SEGUNDO ERROR: ERÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE SENTENCIA Y DESESTIMACIÓN DE DEMANDA, EXISTIENDO FALTA DE JURISDICCIÓN SOBRE LA PERSONA DE JOSEPH OMAR QUIJANO BELLO, JOSÉ RICHARD QUIJANO COTTO.**
>
> **TERCER ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE SENTENCIA Y DESESTIMACIÓN DE DEMANDA, POR FALTA DE JURISDICCIÓN SOBRE LA PERSONA DE FULANO Y MENGANO DE TAL.**
>
> **CUARTO ERROR: ERRÓ EL TPI AL DECLARA NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE SENTENCIA Y DESESTIMACIÓN DE DEMANDA, AL ANOTARLE Y MANTENER LA ANOTACIÓN DE REBELDÍA DE JOSEPH OMAR QUIJANO BELLO Y JOSÉ RICHARD QUIJANO BELLO EN CLARO**

---

[14] Tomamos conocimiento judicial del caso **CA2024CV00560**, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) en la **entrada núm. 23**.
[15] Apéndice del Recurso de *Apelación*, págs. 2- 16.
[16] Apéndice del Recurso de *Apelación*, págs. 65-68.
[17] Apéndice del Recurso de *Apelación*, pág. 1.

**INCUMPLIMIENTO DE LA REGLA 4 DE PROCEDIMIENTO CIVIL.**

**QUINTO ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE SENTENCIA Y DESESTIMACIÓN DE DEMANDA, AL DICTAR SENTENCIA CONTRA FULANO Y MENGANO DE TAL PARTES LAS CUALES NO FUERON EMPLAZADAS EN EL PRESENTE PLEITO.**

El 30 de septiembre de 2024 la parte apelada presentó su *Alegato en Oposición a Recurso de Apelación.*

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para contemplar y resolver casos y controversias. *Pueblo v. Rios Nieves,* 209 DPR 264, 273 (2022). Por su lado, la jurisdicción sobre la persona es el poder o autoridad que posee un tribunal para "traer y retener a una persona natural o jurídica a una sentencia válida en nuestro foro". C. Zeno Santiago, *Sumario Procedimiento Civil Puertorriqueño,* 1ra ed. rev., Ed. SITUM, pág. 40. El Tribunal Supremo ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y que estos no tienen discreción alguna para asumir jurisdicción en donde no la tienen. *Íd.* Esto es así pues si un tribunal emite una sentencia sin poseer jurisdicción sobre la persona o materia, su dictamen sería insistente y *ultravires.* *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007).

**B**

El emplazamiento es el mecanismo mediante el cual se le notifica al demandado sobre la existencia de una reclamación presentada en su contra. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros,* 2024 TSPR 10, 213 DPR __ (2024); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Rivera v. Jaume,* 157 DPR 562, 575 (2002). Además de servir

como este propósito, el emplazamiento es también el método mediante el cual el tribunal adquiere jurisdicción sobre la persona del demandado para que este quede obligado por el dictamen que recaiga. *Rivera Marrero v. Santiago Martínez,* supra. Así, el tribunal le garantiza a la parte demandada su derecho a ser oída y defenderse, si así lo desea. *Rivera v. Jaume, supra.* Por el emplazamiento responder al imperativo constitucional del debido proceso de ley, la parte demandante debe cumplir estrictamente con los requisitos para el emplazamiento. *Sánchez Rivera v. Malavé Rivera, supra.*

La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, establece el procedimiento y las formalidades a seguir para realizar un emplazamiento en Puerto Rico. Como norma general, la Regla 4.4 de Procedimiento Civil, supra, establece que el emplazamiento se realizará de manera personal entregando una copia de la demanda y el emplazamiento de manera conjunta mediante entrega física o haciéndola accesible en su inmediata presencia. Por otro lado, la 4.6 de Procedimiento Civil, supra, regula lo relacionado a los emplazamientos mediante edicto, en específico establece lo siguiente:

> (a) **Cuando la persona a ser emplazada esté fuera de Puerto Rico,** que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente **y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.** No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico.

La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

(b) El contenido del edicto tendrá la información siguiente:

(1) Título—Emplazamiento por Edicto

(2) Sala del Tribunal de Primera Instancia

(3) Número del caso

(4) Nombre de la parte demandante

(5) Nombre de la parte demandada a emplazarse

(6) Naturaleza del pleito

(7) Nombre, dirección y de teléfono del abogado o abogada de la parte demandante

(8) Nombre de la persona que expidió el edicto

(9) Fecha de expedición

(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste.

Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada emplazada mediante edictos, dicha demanda enmendada se le notificará en la forma dispuesta por la regla de emplazamiento aplicable al caso.

(c) **Cuando se trate de parte demandada desconocida, su emplazamiento se hará mediante**

**edictos en conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible**. (Énfasis nuestro).

Referente a los demandados desconocidos, el tratadista Rafael Hernández Colón ha expresado que cuando se trate de demandados desconocidos su emplazamiento mediante edicto se realizará dando cumplimiento a la Regla 4.6 de Procedimiento Civil, supra, sin que sea necesario algún diligenciamiento negativo, incluso "ni que se expida emplazamiento dirigido a dicho demandado". R. Hernández Colón, *Practica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. rev., Ed. LexisNexis, pág. 271.

## C

La Regla 15.4 de Procedimiento Civil, supra, permite que se pueda demandar a una persona cuyo nombre se desconoce mediante un nombre ficticio, en específico, la regla establece lo siguiente:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación procedimiento.

El Tribunal Supremo ha expresado que esta regla se aplica en la situación en la cual la persona del demandante conoce la identidad de la persona que pretende demandar, más no el verdadero nombre de este. *Padín v. Cía. Fom. Ind.,* 150 DPR 403, 417 (2000). El desconocimiento del nombre debe ser "real y legítim[o], y no fals[o] o espúre[o]". *Fuentes v. Trib. de Distrito,* 73 DPR 959, 986-987 (1952).

**D**

La Regla 16 de Procedimiento Civil, supra, gobierna lo relacionado a la acumulación indispensable de partes, en específico la Regla 16.1 establece lo siguiente:

> Las **personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda**. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada. (Énfasis nuestro).

El Tribunal Supremo ha adoptado como definición que parte indispensable es aquella:

> ...que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023); *Gónzalez v. Adm. Corrección et al.,* 190 DPR 14, 46 (2014) citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* San Juan, Pubs. JTS, 2001, T. 1, pág. 375.

La Regla 16.1 de Procedimiento Civil, supra, pretende proteger a aquellas personas ausentes del pleito sobre aquellos efectos perjudiciales que pueda tener la resolución del caso. *FCPR v. ELA et al.,* supra. De igual forma, busca que el foro primario pueda emitir una determinación completa y evita que estos reciban una multiplicidad de pleitos. *Íd.*

El planteamiento de parte indispensable es tan relevante y vital, que puede ser planteado en cualquier momento, ya que en ausencia de una parte indispensable para un pleito el tribunal carecería de jurisdicción para atender el asunto. *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

**E**

El Tribunal Supremo ha expresado que la *sucesión* como persona jurídica no existe. *Danz v. Suau,* 82 DPR 609, 614 (1961). Pese a lo anterior, una sucesión puede ser parte demandante o

demandada en un pleito, pero para que esto sea posible nuestro ordenamiento jurídico exige que se particularicen e individualicen los miembros que la componen. *Vilanova et al. v. Vilanova et al.*, 184 DPR 830, 839 (2012) citando a *Arvelo et al. v. Banco Ter. y Ag. de P.R.*, 25 DPR 728, 736 (1917). Esto es, así pues, como se expresó anteriormente, las sucesiones no poseen personalidad jurídica propia e independiente de los miembros que la componen. *Íd.*

**F**

La rebeldía está contemplada en la Regla 45 de Procedimiento Civil, supra, y es el mecanismo que provee un remedio en aquellas situaciones en la cual la parte demandada no comparece a contestar la demanda o defenderse de la forma en que las leyes y reglas lo estipulan, e incluso es utilizado como método de sanción en aquellas instancias donde una parte ha incumplido con las ordenes de un tribunal. *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1068 (2019); *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 589 (2011). El propósito de la anotación en rebeldía es "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. SLG Moret-Brunet,* supra. pág. 1069. En lo pertinente, la Regla 45.1 de Procedimiento civil establece lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b). La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

La Regla 45.2 de Procedimiento Civil, supra, regula lo relacionados a las sentencias dictadas en rebeldía, en específico establece:

Podrá dictarse sentencia en rebeldía en los casos siguientes:

(a) Por el Secretario o la Secretaria. Cuando la reclamación de la parte demandante contra una parte demandada sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el Secretario o la Secretaria, a solicitud de la parte demandante y al presentársele una declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra la parte demandada cuando ésta haya sido declarada en rebeldía, siempre que no se trate de una persona menor o una persona incapacitada.

(b) Por el tribunal. En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

El Tribunal Supremo ha expresado que la consecuencia de una anotación en rebeldía es que "se dan por admitidas todas las alegaciones sobre hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe". *González Pagán v. SLG Moret-Brunet,* supra. pág. 1069. Esto no ocurre de manera automática, pues el tribunal solo podrá dictar sentencia en rebeldía cuando concluye que procede el remedio solicitado. *Íd.*

**G**

La propiedad es el derecho por virtud del cual una cosa pertenece singularmente a una persona con exclusión de cualquier

otra, brindándole a el poseedor de su dominio una acción contra cualquier tenedor y poseedor de la cosa para reivindicarla. Artículo 741 del Código Civil de 2020, 31 LPRA sec. 7951. De igual forma, el propietario de una cosa tiene derecho de gozar y disponer de ella libremente sin más limitaciones que las que establecen las leyes. *Íd.* La acción reivindicatoria es aquella acción que posee un propietario para reclamar su cosa de quien la tenga o la posea. *Ramírez Quiñones v. Soto Padilla,* 168 DPR 142, 157 (2006). Por su parte, el Artículo 820 del Código Civil de Puerto Rico, 31 LPRA sec.8101, define la acción reivindicatoria como "[e]l propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión". Como requisitos, el Artículo 822 del Código Civil, 31 LPRA sec. 8103, establece los siguientes:

> (a) el justo título de propiedad del demandante;
>
> (b) que la acción se dirija contra quien tiene la cosa en su poder;
>
> (c) falta de título del poseedor no propietario que permita seguir en la posesión;
>
> y (d) la identificación precisa de la cosa cuya restitución se solicita.

### III

En el caso ante nuestra consideración, la parte apelada solicitó al foro primario que ordenara a la parte apelante liberar el estacionamiento número treinta (30) y que estos dejaran de interferir en la posesión del espacio de estacionamiento.[18] Esto es así pues desde que adquirieron el apartamento 1-B localizado en el primer nivel del Condominio Continental Villa, la parte apelada le ha requerido y solicitado a la parte apelante que le permitiera el uso

---

[18] Apéndice del Recurso de *Apelación*, págs. 25-31.

y disfrute de su correspondiente estacionamiento y esta última se ha negado, continuando bloqueando el mismo.[19]

Tras evaluar el expediente judicial, forzoso es concluir que la parte apelada adquirió el apartamento 1-B localizado en el primer nivel del Condominio Continental Villa en una compraventa y en la descripción registral del inmueble se establece lo siguiente:

> --Parking Rights: Title to this apartment includes the exclusive right of one parking space which will be assigned hereafter.[20]

De igual forma, en la escritura matriz del Condominio Continental Villa en la descripción del apartamento 1-B respecto al aparcamiento establece:

> Parking Rights: Title to this apartment includes the exclusive right of one parking space which will be assigned hereafter.[21]

Según el *Memorandum for file* realizado en el año 1980 por la Licenciada Carmen Teresa Agudo Loubriel, se expresó que el apartamento 1-B fue privado de tener un estacionamiento por Eleanor Glickman.[22] Por lo que el 15 de octubre de 1980, la Licenciada Carmen Teresa Agudo Loubriel recomendó al *Board of Directors* del Condominio convocar a los apartamentos que habían sido privados de un estacionamiento, que comparecieran a una reunión para resolver el conflicto.[23] Así las cosas, se le notificó mediante carta el 17 de octubre de 1980 a los dueños del apartamento, sobre una reunión pautada para el 22 de octubre de 1980.[24] Finalmente, según surge del *Minutes of the Meeting of the Board of Directors of the Condominuim Continental Villa*, el 28 de octubre de 1980 se llevó a cabo la reunión con el propósito de asignarle a los apartamentos que fueron privados del

---

[19] *Íd.*
[20] **Entrada núm. 1 SUMAC**, Anejo núm. 2 en la pág. 2.
[21] **Entrada núm. 1 SUMAC**, Anejo núm. 1 en la pág. 8.
[22] **Entrada núm. 1 SUMAC**, Anejo núm. 7.
[23] **Entrada núm. 1 SUMAC**, Anejo núm. 5.
[24] **Entrada núm. 1 SUMAC**, Anejo núm. 6.

estacionamiento un aparcamiento. Por tanto, al titular del apartamento 1-B, en ese entonces, el señor Félix Ayala, se le fue asignado el estacionamiento número treinta (30).[25]

Como titular del apartamento 1-B la parte apelada posee un derecho exclusivo sobre dicho inmueble, como también del aparcamiento número treinta (30). Este derecho de dominio sobre el inmueble y su estacionamiento le permite a la parte apelada gozar y disponer de ellos libremente con exclusión de cualquier otra persona.[26] Del mismo modo, le brinda una acción contra cualquier tenedor y poseedor del inmueble o su aparcamiento para poder reivindicarlo.[27]

Al quedar meridianamente claro que los apelados son los únicos dueños del aparcamiento número treinta (30) en virtud del *Minutes of the Meeting of the Board of Directors of the Condominuim Continental Villa[28]*, estos son los únicos con derecho a gozar y disponer de él libremente, con exclusión de cualquier otra persona y poseer una acción contra cualquier tenedor y poseedor para poder reivindicarlo. En aras de propiciar un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, corresponde en derecho que la parte aquí apelante, quien no posee un derecho propietario sobre el estacionamiento[29], libere el aparcamiento y deje de interferir en la posesión y disfrute del mismo por la parte apelada.

En el primer señalamiento de error, la parte apelante nos plantea que erró el foro primario al declarar no ha lugar a la *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda* pues alegan que existe falta de parte indispensable, en específico las sucesiones del señor Joe Quijano y

---

[25] **Entrada núm. 1 SUMAC**, Anejo núm. 3.
[26] Véase Artículo 741 del Código Civil de 2020, 31 LPRA sec. 7951.
[27] Véase Artículos 741 y 820 del Código Civil de 2020, 31 LPRA secs. 7951 y 8101; *Ramírez Quiñones v. Soto Padilla,* 168 DPR 142, 157 (2006).
[28] **Entrada núm. 1 SUMAC**, Anejo núm. 3.
[29] **Entrada núm. 1 SUMAC**, Anejo núm. 7 y 9.

la señora Norma Quijano, por ser estos los titulares registrales del apartamento 1-A del Condominio Continental Villa. No le asiste razón, veamos.

En nuestro ordenamiento jurídico, la Regla 16.1 de Procedimiento Civil, supra, establece un mecanismo mediante el cual se puede hacer parte de un pleito a aquellas personas, denominadas partes indispensables, que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia. Cuando estas personas forman parte de una sucesión, deben ser traídas al pleito de manera individual y particular pues las sucesiones en nuestro ordenamiento jurídico no poseen una personalidad jurídica independiente de los miembros que la componen.[30]

Por otro lado, como mencionamos anteriormente, la Regla 15.4 de Procedimiento Civil, supra, permite que se pueda demandar a una persona cuyo nombre se desconoce mediante un nombre ficticio, y al descubrirse el verdadero nombre, se hará la enmienda en la alegación.

En el caso ante nuestra consideración surge de la *Demanda[31]* que como parte demandada incluida se encuentran la señora Norma Mía Quijano Bello, el señor Joseph Quijano Bello y el señor José Richard Quijano Cotto como los propietarios del apartamento 1-A y Fulano de tal y Mengano de tal como personas naturales de nombres desconocidos que podrían serle responsable por cualquier concepto a la parte aquí apelada. En su *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda*[32] la señora Norma Mía Quijano Bello aquí apelante alegó:

> 15. En el presente caso, los dueños reales del inmueble la Sucesión de Joe Quijano compuesta por Norma Mía Quijano Bello, Joseph Omar Quijano Bello y José Richard Quijano Cotto y la Sucesión de Norma Quijano

---

[30] Véase, *Vilanova et al. v. Vilanova et al.*, supra, pág. 839 citando a *Arvelo et al. v. Banco Ter. y Ag. de P.R.*, supra, pág. 736.
[31] Véase Apéndice del Recurso de *Apelación*, págs. 25-31.
[32] Véase, Apéndice del Recurso de *Apelación*, págs. 2- 16.

compuesta por Norma Mía Quijano Bello y Joseph Omar Quijano Bello.

Tomando en consideración lo antes expuesto con el derecho esbozado llegamos a la conclusión de que no se cometió el primer señalamiento de error. Esto es así, pues la parte aquí apelada en su reclamación inicial enlistó a los posibles herederos del señor Joe Quijano y la señora Norma Quijano, y más aún, enlistó a dos personas adicionales por si era necesario añadir a más partes. De igual manera, surge de la propia *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda*[33] presentada por la señora Norma Mía Quijano Bello que la Sucesión del señor Joe Quijano son la señora Norma Mía Quijano Bello, el señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto. Mientras que la Sucesión de Norma Quijano está compuesta por la señora Norma Mía Quijano Bello y el señor Joseph Omar Quijano Bello.

Por otro lado, en su segundo y cuarto señalamiento de error la parte apelante nos plantea que erró el Tribunal de Primera Instancia al declarar no ha lugar la *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda* pues alegan que existe falta de jurisdicción sobre la persona de los codemandados señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto. De igual forma, alegan que erró el foro sentenciador al anotarle rebeldía a los codemandados señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto en contravención de lo dispuesto en la Regla 4 de Procedimiento Civil, supra. No le asiste razón en ambos señalamientos de error.

Al estar íntimamente relacionados el segundo y cuarto señalamiento de error, se discutirán en conjunto, veamos.

---

[33] Véase, Apéndice del Recurso de *Apelación*, págs. 2- 16.

La jurisdicción sobre la persona es el poder o autoridad que posee un tribunal para "traer y retener a una persona natural o jurídica a una sentencia válida en nuestro foro".[34] El emplazamiento es el mecanismo procesal que tiene como principal propósito notificar al demandado sobre la existencia de una reclamación presentada en su contra.[35] Además, es el método mediante el cual el tribunal adquiere jurisdicción sobre la persona del demandado para que este quede obligado por el dictamen que recaiga.[36] El emplazamiento por edicto, gobernado mediante la Regla 4.6 de Procedimiento Civil, supra, establece que, cuando la persona a ser emplazada esté fuera de Puerto Rico o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por edicto.

En nuestro ordenamiento jurídico, conforme lo dispuesto en la Regla 45.1 de Procedimiento Civil, supra, cuando la parte llamada a contestar una demanda no lo haga o no se defienda conforme lo establecen las leyes y reglas, el tribunal puede apuntarle rebeldía a la referida parte por iniciativa propia o por solicitud de parte.[37]

En el caso ante nuestra consideración la parte aquí apelada presentó el 19 de febrero de 2024 una *Moción Solicitando*

---

[34] Véase, C. Zeno Santiago, *Op. Cit.* pág. 40.
[35] Véase, *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, supra.
[36] Véase, *Rivera Marrero v. Santiago Martínez*, supra, pág. 480.
[37] Véase, *González Pagán v. SLG Moret-Brunet,* supra, 1068.

*Emplazamiento por Edicto*[38] en la cual solicitó el emplazamiento por edicto del señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto, pues luego de realizar una investigación no pudieron ser localizados. Conjunto a esta moción incluyó una declaración jurada en la que se expusieron las gestiones realizadas para lograr dar con sus paraderos, lo que resultó ineficaz.[39] Ante ello, el foro sentenciador autorizó que se emplazaran mediante edicto el 21 de febrero de 2024[40], por lo que, la parte apelada procedió a realizar el 26 de febrero de 2024[41]. Tras la incomparecencia del señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto y tras ser solicitado por la parte apelada[42], el foro primario emitió una *Resolución[43]* en la que anotó en rebeldía a ambos codemandados.

Por lo que concluimos que: (1) el Tribunal de Primera Instancia adquirió jurisdicción sobre el señor Joseph Omar Quijano Bello y el señor José Richard Quijano Cotto; (2) que estos fueron emplazados conforme la Regla 4.6 de Procedimiento Civil, supra y (3) no erró el foro primario al anotarlos en rebeldía pues nunca comparecieron al pleito a presentar una alegación responsiva o defenderse.

Finalmente, en su tercer y quinto señalamiento de error la parte apelante nos señala que erró el foro sentenciador al declarar no ha lugar la *Moción Solicitando Reconsideración de Sentencia y Solicitando Desestimación de la Demanda* pues el tribunal carecía de jurisdicción sobre Fulano de tal y Mengano de tal y al dictar sentencia contra estos. No le asiste razón, veamos.

Al estar íntimamente relacionados el tercer y quinto señalamiento de error, se discutirán en conjunto, veamos.

---

[38] Apéndice del Recurso de *Apelación*, págs. 32-35.
[39] *Íd.*
[40] Véase Apéndice del Recurso de *Apelación*, pág. 38.
[41] Véase Apéndice del Recurso de *Apelación*, págs. 39-41.
[42] Véase Apéndice del Recurso de *Apelación*, págs. 39-46; 54-56.
[43] Apéndice del Recurso de *Apelación*, pág. 60.

Como hemos señalado, la Regla 15.4 de Procedimiento Civil, supra, permite demandar a una persona cuyo nombre se desconoce mediante un nombre ficticio, y al descubrirse el verdadero nombre, se hará la enmienda en la alegación. Referente a su emplazamiento, la Regla 4.6 de Procedimiento Civil, supra, establece que su emplazamiento se hará mediante edictos de conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible. El tratadista Hernández Colón ha expresado que cuando se trate de demandados desconocidos su emplazamiento mediante edicto se realizará dando cumplimiento a la Regla 4.6 de Procedimiento Civil, supra, sin que sea necesario algún diligenciamiento negativo, incluso "ni que se expida emplazamiento dirigido a dicho demandado".[44]

Surge de la *Demanda*[45] que la parte aquí apelada incluyó como codemandados a Fulano de tal y Mengano de tal como personas naturales de nombres desconocidos que podrían serle responsable por cualquier concepto a la parte aquí apelada. Luego de revisar el expediente judicial, al tomar en consideración lo antes expuesto y la normativa esbozada llegamos a la conclusión que estas partes fueron incluidas en la *Demanda* en la posibilidad de que apareciera alguna otra persona que le fuera responsable a la parte aquí apelada, por lo que entendemos que es inmeritorio el planteamiento del tercero error de índole jurisdiccional. De igual forma, una lectura a la *Sentencia*[46] nos deja claro que no se hizo ningún pronunciamiento respecto a Fulano de tal y Mengano de tal, por lo que no se cometió el error señalado.

---

[44] Véase, R. Hernández Colón, *Op. Cit.* pág. 271.
[45] Véase Apéndice del Recurso de *Apelación*, págs. 25-31.
[46] Véase Apéndice del Recurso de *Apelación,* págs. 18-23.

**IV**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones